FILED _____ ENTERED
LODGED _____ RECEIVED

FEB 0 6 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR AN ORDER AUTHORIZING ) MISC. NO. 15-0083TJS
INSTALLATION AND THE )
MONITORING OF A MOBILE TRACKING )
DEVICE ON A BRONZE 2005 INFINITI )
MODEL FX35 SPORT UTILITY VEHICLE )
BEARING MARYLAND REGISTRATION )
A164666. )

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR THE INSTALLATION, USE AND MONITORING OF A TRACKING DEVICE

I, Special Agent Gregg S. Horner, Federal Bureau of Investigation ("FBI"), a Federal Law Enforcement Officer, as described in Federal Rule of Criminal Procedure 41(a)(2)(C), make this Affidavit in support of an application for a warrant authorizing the installation, use, and monitoring of a geopositional tracking device ("GPS") on the following motor vehicle: a bronze, 2005 Infiniti, model FX35, bearing Maryland registration A164666, (the "TARGET VEHICLE") registered to Sheena Highsmith and used by Brian Alexander HALL. Being duly sworn, I attest to the following facts which I know to be true to the best of my knowledge, information and belief:

### PURPOSE OF AFFIDAVIT

This affidavit is being submitted in support of an application for the installation and use of a GPS tracking device. Based upon the facts set forth below, there is probable cause to believe that the TARGET VEHICLE described above is presently being used in furtherance of the crimes of conspiracy to distribute heroin and cocaine as well as possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841 and 846. Further, there is



**15-0083TJS**

probable cause to believe that the installation and use of a tracking device in or on the TARGET VEHICLE will reveal evidence of the crimes under investigation and will lead to the discovery of further evidence, fruits, and instrumentalities of the crimes under investigation as well as to the identification of individuals who are engaged in the commission of those and related crimes. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the installation and use of a tracking device, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

## FACTS AND CIRCUMSTANCES

1. The Federal Bureau of Investigation (FBI) and the Eastern Panhandle (West Virginia) Drug and Violent Crimes Task Force have been conducting an investigation of a drug-trafficking organization ("DTO") involving Brian Alexander HALL and others in and around Martinsburg, West Virginia and Baltimore, Maryland. During the course of the investigation law enforcement has determined HALL has been operating the TARGET VEHICLE in furtherance of the activities of the DTO. Your affiant has been advised by the Eastern Panhandle Drug and Violent Crimes Task Force, that the subject vehicle is most often present within the District of Maryland.

2. On November 13, 2014, agents of the Federal Bureau of Investigation and members of the Eastern Panhandle Drug and Violent Crimes Task Force made a controlled purchase of heroin and cocaine from Brian A. HALL, also known as "Dan" for the sum of $4500 United States Currency (USC). On this date, law enforcement met with a confidential informant (CI) in the Northern District of West Virginia. A series of phone communications were made between the CI and HALL arranging the purchase of heroin and cocaine from Hall. On this same date, the CI traveled to the Baltimore, Maryland area and contacted HALL telephonically. HALL directed the CI to meet him on Sisson Street off of Interstate 83, located in Baltimore. The CI traveled to Sisson Street in Baltimore. A short time later, HALL arrived at the location driving a bronze in color 2005 Infiniti sport utility vehicle bearing Maryland registration A164666. The CI then met with HALL and provided $4500 to HALL for a quantity of heroin and cocaine. This transaction was monitored and recorded by law enforcement. The suspected narcotics field tested positive for the presence of heroin and cocaine.

3. On November 25, 2014, agents of the Federal Bureau of Investigation and members of the Eastern Panhandle Drug and Violent Crimes Task Force, through the CI, made a controlled purchase of heroin from HALL for $6000 USC. Prior to this controlled purchase, the TARGET VEHICLE was observed by law enforcement parked at an apartment complex located on Reserve Circle, Woodlawn, Maryland. Law enforcement observed HALL departing building 7602 Reserve Circle, Woodlawn, Maryland and entering the TARGET VEHICLE. A short time later, HALL arrived at a pre-arranged meeting location located in Baltimore, Maryland driving the TARGET VEHICLE. HALL pulled up next to the vehicle of CI. The CI then exchanged $6000 USC with HALL for a quantity of heroin through the driver's windows of their vehicles.

This transaction was monitored and recorded by law enforcement. The suspected narcotics field tested positive for the presence of heroin.

4. On December 10, 2014, agents Federal Bureau of Investigation and members of the Eastern Panhandle Drug and Violent Crimes Task Force, through the CI, made a controlled purchase of heroin from HALL for $5000 USC. A series of phone communications were made between the CI and HALL arranging the purchase of heroin. The CI traveled to the Baltimore and exchanged telephonic communications with HALL by cellular phone. HALL directed the CI to a subdivision off of Johnny Cake Road, located in Baltimore County, Maryland. A short time later, HALL arrived at the location driving the TARGET VEHICLE. HALL pulled his vehicle up next to the vehicle of the CI. The CI then exchanged $5,000 with HALL for a quantity of heroin through the driver's windows of their vehicles. This transaction was monitored and recorded by law enforcement. The suspected narcotics field tested positive for the presence of heroin.

5. A review by law enforcement of the Maryland Department of Motor Vehicles reveals that the bronze, 2005 Infiniti bearing Maryland Registration A164666 is registered to Sheena Sherelle Highsmith, at 2401 Calloway Avenue, Apartment 2, Baltimore, Maryland.

6. A review by your affiant of law enforcement databases revealed that on October 13, 2014, HALL was cited by the Maryland Transportation Authority Police for exceeding the maximum speed limit while driving on Interstate Route 95 at mile marker 51.5, which is located in Baltimore, Maryland. At that time Hall was driving the 2005 Infiniti FX35 bearing Maryland registration A164666.

7. Law enforcement has determined through various investigative techniques that Highsmith actually resides at 7602 Reserve Circle, Baltimore, Maryland, and that HALL resides



15-0083TJS

with Highsmith at that address. Surveillance by law enforcement has observed the TARGET VEHICLE parked overnight at that location on several occasions.

## AUTHORIZATION REQUEST

8. GPS tracking installed on a vehicle is more precise and consistent than GPS tracking using cellular telephone technology. Monitoring the activities of the TARGET VEHICLE may provide evidence and information relating to the following: specific meeting locations used by Hall, including those in Maryland and West Virginia, additional residences and stash locations used by Hall or other co-co-conspirators, the identities of customers and suppliers, including those supplying heroin and cocaine to Hall, and the identities of other members of this conspiracy, identified by tracking the movements of HALL and conducting surveillance at suspected drug-related meetings. That information, in turn, will put investigators in the best position to surveil drug transactions and intercept shipments or deliveries of narcotics relating to this conspiracy.

9. Based on these observations by the investigating agents, your affiant has probable cause to believe that the physical location of the TARGET VEHICLE will provide evidence of the enumerated crimes, property used in committing the offenses, contraband and fruits of the crimes, and other items illegally possessed by persons committing the enumerated offenses, including violations of 21 U.S.C. Sections 841(a)(1) and 846.

10. Your Affiant asks that the Court issue a warrant authorizing and ordering the installation, use, and monitoring of a GPS tracking device on the aforementioned TARGET VEHICLE. Your affiant asks that the warrant permit investigators to access the TARGET VEHICLE to the extent necessary to install and maintain the tracking device, and that the warrant permit investigators to enter any private property on which the TARGET VEHICLE may be present. Your affiant also asks that the warrant permit investigators to access the TARGET

VEHICLE, and to enter private property, as necessary to conduct maintenance or repair on the tracking device once installed, and to remove the tracking device from the TARGET VEHICLE once tracking pursuant to the warrants, and any extensions, is completed.

11. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the warrant delay notification of the execution of the warrant for a period of 30 days after the end of the authorized period of tracking (including any extensions to that period of tracking) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize and have an adverse result on the investigation. Specifically, investigators believe that HALL and his associates are unaware of the investigation of them. HALL and his associates are drug dealers and persons in that business often engage in behavior designed to evade detection by law enforcement. In addition, HALL's behavior has been consistent with that of someone who wishes to avoid detection, including putting his vehicle in someone else's name. In your affiant's training and experience, should HALL and his associates learn that law enforcement agents are tracking them, they may flee the jurisdiction to avoid arrest, or destroy evidence relating to their business (including the telephones they have used or the drug stashes, drug paraphernalia, or drug-related money they have maintained). Accordingly, it is necessary to delay notification of this warrant until a reasonable period of time has elapsed to complete the investigation. At this time, your affiant requests a delayed notice period of 30 days following the cessation of tracking under this warrant.

WHEREFORE, I respectively request that the Court issue a warrant authorizing members of the FBI or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install, use, and monitor a



**15-0083 TJS**

tracking device in or on the aforementioned TARGET VEHICLE for the period of this warrant, and to remove the tracking device from the TARGET VEHICLE after the use of the tracking device has ended; to surreptitiously enter onto private property and the TARGET VEHICLE itself to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device, for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the District of Maryland.

Subscribed and sworn this ____20th____ day of January, 2015,

_____
Special Agent Gregg S. Horner
Federal Bureau of Investigation

_____
Honorable Timothy J. Sullivan
United States Magistrate Judge